### In re SERVICE MERCHANDISE COMPANY, INC., et al., Debtor.

**Bankruptcy No. 399–02649.**

United States Bankruptcy Court, M.D. Tennessee.

Oct. 20, 1999.

John William Butler, Jr., George N. Panagakis, Skadden, Arps, Slate Meagher & Flom, Chicago, IL, Paul G. Jennings, Beth A. Dunning, Bass, Berry & Sims PLC, Nashville, TN, for Debtors.

Michael Collins, Office of United States Trustee, Nashville, TN, for Office of United States Trustee.

### MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on remand from the district court with instructions to clarify the legal standard for determining "cause" pursuant to 11 U.S.C. § 345(b). For the reasons more particularly described herein, the court reaffirms its earlier decision that "cause" exist to waive the debtors' obligation to comply with the investment, deposit, and reporting mandates of § 345(b).

At the beginning of this case, the debtors requested waiver of the § 345 deposit requirements and reporting guidelines. The motion was opposed by the United States Trustee. A hearing was held in which this court granted the debtors' motion and instructed debtors' counsel to prepare an order. That Order was submitted by debtors' counsel and signed by the court. The district court found that the order "fails to make any conclusion of law regarding the test for determining 'cause' under § 345(b) ... [and] accordingly, fails to provide an adequate basis for appellate review." This court's prior order was vacated with instructions to clarify the law supporting the decision.

Section 345(b) provides as follows:

(b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from any entity with which such money is deposited or invested—

(1) a bond

(A) in favor of the United States;

(B) secured by the undertaking of a corporate surety approved by the United States trustee from the district in which the case is pending; and

(C) conditioned on—

(i) a proper accounting for all money so deposited or invested and for any return on such money;

(ii) prompt repayment of such money and return

(iii) faithful performance of duties as a depository; or

(2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

11 U.S.C. § 345(b) (1999). The 1994 amendments to the United States Bankruptcy Code added the final phrase of § 345(b)(2) to provide that the court may "for cause" excuse performance by the debtor under this section. "Cause" is an undefined term, and has not been addressed by any reported decision within the context of § 345.

■ In this case, the court finds guidance as to what Congress intended by its amendment in the legislative history. The legislative history states that the amendment was intended to overrule *In re Columbia Gas Systems, Inc.,* 33 F.3d 294 (3d Cir.1994). In that case, the Third Circuit Court of Appeals found that the pre-amendment provisions of § 345(b) were mandatory and could not be modified or waived by the court. The Congressional Record contains the following explanatory comments with regard to why the statute was amended:

> Section 345 of the Code governs investments of the funds of bankruptcy estates. The purposes is to make sure that the funds of a bankrupt (sic) that are obliged to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankrupt estate. Under current law, all investments are required to be FDIC insured, collateralized or bonded. While this requirement is wise in the case of a smaller debtor with limited funds that cannot afford a risky investment to be lost, *it can work to needlessly handcuff larger, more sophisticated debtors.* This section would amend the Code to allow the courts to approve investments other than those permitted by section 345(b) for just cause, thereby overruling *In re Columbia Gas Systems, Inc.,* 33 F.3d 294, 1994 WL 463514 (3d Cir.Del.).

H.R. Rep. 103–834, 103rd Cong., 2nd Sess. 224 (Oct. 4, 1994); 140 Cong. Rec. H10767 (Oct. 4, 1994) (emphasis added).

■ The court finds that in a totality of circumstances inquiry, several factors should be considered when determining if "cause" exists for relief from the strictures of § 345(b):

1. The sophistication of the debtor's business;

2. The size of the debtor's business operations;

3. The amount of investments involved;

4. The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;

5. The complexity of the case;

6. The safeguards in place within the debtor's own business of insuring the safety of the funds;

7. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

8. The benefit to the debtor;

9. The harm, if any, to the estate; and

10. The reasonableness of the debtor's request for relief from § 345(b) requirements in light of the overall circumstances of the case.

In this case, the court finds "cause" exists for waiver of the investment, deposit and reporting requirements of § 345(b). These are large, sophisticated debtors with a complex cash management system. The debtors rely on multiple banks and multiple accounts to handle millions of dollars which flow through these accounts on a daily basis. The debtors have indicated that internal monitoring mechanisms are in place that will detect the impending failure of any bank in which a large amount of funds are deposited. The debtors have the capability to remove any funds in excess of $100,000 held at any bank where a problem is suspected. Furthermore, the debtors' ability to reorganize would not be materially affected by the failure of any one financial institution. The benefit to the debtor in waiving the § 345(b) requirements far outweighs any harm to the estate. The debtor's request

in this "mega-case" is reasonable and well-founded.

The court finds that failing to waive the § 345(b) requirements would "needlessly handcuff" these debtors' reorganization efforts. Accordingly, the court finds "cause" to lift the § 345(b) deposit, investment and reporting requirements. The court will also waive the debtors' banks obligation to provide financial information directly to the United States Trustee. The debtors are not permitted to maintain funds in excess of $100,000 per account in any bank with a demand deposit rating of less than Moody's P–3 and Standard and Poor's A-. Furthermore, the United States Trustee is not required to monitor the demand deposit ratings of the financial institutions holding funds of the debtors.

It is, THEREFORE, so ordered.